# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TRAVIS YOUNG, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV418-201 |
| | ) | CR416-099 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty plea-convicted of distribution of cocaine, Travis Young argues that he was incorrectly considered a Career Offender at sentencing. Docs. 52 & 53;[1] *see* docs. 34 (plea agreement); 35 (judgment for 151 months' imprisonment). Young's Presentence Investigative Report (PSR) provided for several adjustments for the volume of drugs attributed to him (less than 1 gram of cocaine base) and his *three* prior felony drug convictions (for (1) possession of cocaine, (2) possession of cocaine with intent to distribute, and (3) conspiracy to commit sale of cocaine). PSR ¶¶ 28-30.

Young concedes that his base offense level (12) was correctly

---

[1] The Court is citing to the criminal docket in CR416-099 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

calculated.  Doc. 53 at 3.  He also admits that his felony for possession of cocaine with intent to distribute was properly considered a predicate offense for career offender designation under the United States Sentencing Guidelines.  *Id.*  He disputes, however, that "conspiracy to commit sale of cocaine" counts as a predicate offense.  *Id.*  If that felony does not count,[2] he reasons, he would not be considered a career offender and would have received a considerably shorter sentence.  Id. at 3-4 (calculating his non-career offender sentence as falling within an advisory sentencing range of 18-24 months).  He argues, in sum, that the district court erred by improperly sentencing him as a career offender and seeks to vacate that unlawful sentence.  Doc. 53 at 10.[3]  Preliminary § 2255 Rule 4 review shows that his motion should be **DENIED**.

A defendant qualifies as a career offender under the Guidelines if he is at least 18 years old, has at least *two* prior felony convictions for either a crime of violence or a controlled substance offense, and his instant

---

[2]   Notably, Young makes no mention of his prior felony conviction for possession of cocaine.  *See* docs. 52 & 53.

[3]   Young also throws out the term "actual innocence" as a reason to vacate his sentence, but uses it incorrectly.  He clearly means that one of his predicate offenses should not have counted against him under the Guidelines, *not* that he is actually innocent of either the instant or prior offenses.  *See* doc. 53 at 13-14.

federal conviction is for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  Young's instant offense, for distribution of cocaine, is obviously a controlled substance offense.  *See* U.S.S.G. § 2D1.1.  And his prior felonies for possession of cocaine and possession with intent to distribute cocaine in violation of O.C.G.A. § 16-13-30[4] are both "controlled substance offenses" within the meaning of the career-offender Guideline.  *See* U.S.S.G. § 4B1.2(b).  That's two offenses.  *Even if* Young were correct that a conspiracy to sell cocaine doesn't count — and he's not[5] — he already has two predicate offenses, putting him in career

---

[4]  Young's September 2001 conviction for possession of cocaine and January 2013 conviction for possession-with-intent to distribute cocaine convictions match the definition of a "controlled substance offense" because: (1) they are state law crimes, (2) punishable by at least five years and up to thirty years, (3) for (a) possession and (b) possession with intent to distribute, of (4) cocaine, a controlled substance. U.S.S.G. § 4B1.2(b); *see also* doc. 30 (Young's sentencing memorandum), Exh. 1; PSR ¶¶ 28 & 29.  In 2001 and January 2013, when he was convicted of the two offenses, the statute's language was identical.  It provided that "[e]xcept as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance" and made such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense.  *Compare* O.C.G.A. §§ 16-13-30(b), (d) (effective July 2012 to June 2013) *with* O.C.G.A. §§ 16-13-30(b),(d) (effective through 2012); *see* Ga. L. 1980, p. 432, § 1; Ga. L. 1985, p. 149; Code. Ann. 79A-811(b), (d) (1980); *Dennard v. State*, 265 Ga. App. 229, 229 (2004) (cocaine qualifies as narcotic drug).  These offenses clearly remain qualifying "serious drug offenses" within the meaning of the Guidelines.

[5]  Young was convicted of conspiring to sell cocaine in violation of O.C.G.A. § 16-13-30(b).  PSR ¶ 30.  Though he argues that engaging in a "conspiracy" to sell a Schedule II substance is fundamentally different under the Guidelines than selling or

3

offender territory. Young was properly considered a career offender under the Guidelines, and the district court committed no error in sentencing him as such.[6]

Accordingly, Travis Young's § 2255 motion should be **DENIED**.[7] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255

---

distributing, and thus does not qualify as a predicate offense, he's wrong. *See, e.g., Shuman v. United States*, 2017 WL 710062 at * 1 n. 2 (S.D. Ga. Jan. 11, 2017), *adopted*, 2017 WL 706619 (S.D. Ga. Feb. 22, 2017) (noting that a conviction for conspiracy to sell cocaine in violation of O.C.G.A. § 16-13-30(b) counts as a predicate offense). Young tries to recast his conviction as being under a different Georgia statute (O.C.G.A. § 16-4-8) and thus outside the scope of a serious drug offense (doc. 53 at 7), but it's not. Indeed, Young was indicted for sale of cocaine in violation of O.C.G.A. § 16-13-30(b) and pled to conspiracy to sell cocaine in violation of O.C.G.A. § 16-13-30(b), as codified at O.C.G.A. § 16-13-33. *See State v. Young,* CR14-1599 (Chatham Super. Ct.); PSR ¶ 30; doc. 30, Exh. 2. The conviction counts.

[6] It appears that Young misapprehended a portion of the PSR. There, the Probation Office set forth its reasoning for Chapter Four Enhancement, explaining that Young "has *at least* two prior felony convictions of a controlled substance offense (Possession of cocaine with intent to distribute . . . and Conspiracy to commit sale of cocaine . . . )." PSR § 23 (emphasis added). Paragraph 23, however, was not an exhaustive list of Young's predicate offenses.

[7] Because his motion is without merit and his contentions are unambiguously contradicted by the record, an evidentiary hearing is not warranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __11th__ day of January, 2019.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA